**UNITED STATES of America**

v.

**Edward Lee EDENS, Jr.**

**No. 1:07cr224–MHT.**

United States District Court,
M.D. Alabama,
Southern Division.

Aug. 24, 2009.

Nathan D. Stump, Tommie Brown Hardwick, U.S. Attorney's Office, Montgomery, AL, for United States of America.

Christine Ann Freeman, Michael J. Petersen, Federal Defenders, Middle District of Alabama, Montgomery, AL, for Edward Lee Edens, Jr.

## OPINION AND ORDER

MYRON H. THOMPSON, District Judge.

Defendant Edward Lee Edens, Jr. was convicted of, among other things, possession and receipt of child pornography. This case is now before the court on Edens's motion to dismiss the possession charge (count six), arguing that it violates the Double Jeopardy Clause of the Fifth Amendment to convict him of both possession and receipt. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

Edens was charged in a six-count indictment in the Middle District of Alabama. Counts one and two charged him with transportation of child pornography by computer on August 9 and August 23, 2005, respectively, in violation 18 U.S.C. § 2252A(a)(1). The indictment named the specific images or files that he transported. Counts three, four, and five charged Edens with receipt of child pornography on August 24, September 2, and September 6, 2005, respectively, in violation 18 U.S.C. § 2252A(a)(2). The indictment did not name the specific images or files he received on those dates. Finally, count six charged that, on October 25, 2005, Edens knowingly possessed "a computer hard disk containing more than 600 images of child pornography," Doc. No. 1 at 3, in violation 18 U.S.C. § 2252A(a)(5)(b). No specific images were identified in count six.

A jury convicted Edens on all six counts. At trial, the government presented evidence showing that, on August 24, September 2, and September 6, 2005, he received (via computer) specific images of child pornography (Exs.13.4–13.82); these images formed the basis for counts three, four, and five of the indictment.

As to count six, the government offered into evidence images and videos found on Edens's computer by the forensic examiner (Exs.13.83–13.108). These exhibits were presented as examples of the 611 images and 17 videos of suspected child pornography found on Edens's computer. As to this count, the government also specifically offered the "I.M. series" (Exs.13.108–13.115), which comprised images of known victims of child pornography. To further support count six, the government offered evidence that the images on Edens's computer had been downloaded over a period of a year or more and that many images had been created on his computer on August 1, 2005, three weeks before the date in the first receipt count. Finally, the government offered the testimony of an eye witness, who stated that he had seen child pornography on Edens's computer as early as 2004.

## II. DISCUSSION

 The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The issue of double jeopardy is analyzed pursuant to the test set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "Under *Blockburger,* when a single, completed criminal transaction violates two or more criminal statutes, the Double Jeopardy Clause does not shield a defendant against prosecution ... so long as 'each statute requires proof of an additional fact which the other does not.'" *United States v. Williams,* 527 F.3d 1235, 1240 (11th Cir. 2008) (quoting *Blockburger,* 284 U.S. at 304, 52 S.Ct. 180). On the other hand, where a defendant has been charged with a crime that is a lesser-included offense of another charged crime, the Double Jeopardy Clause protects that defendant from being convicted of both crimes. *See Rut-*

*ledge v. United States,* 517 U.S. 292, 306, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

In this case, Edens argues that he cannot be convicted for both possession and receipt of child pornography because possession is a lesser-included offense of receipt. He argues that he was twice subject to punishment for the same offense because three of the images forming the basis of the receipt charge were included in the 611 images and 17 videos found on Edens's computer in support of the possession charge. The government concedes that three images may have overlapped between the two charges but argues that this minor overlap does not create a Double Jeopardy Clause violation since sufficient, non-overlapping evidence was offered at trial to support the different counts.

In *United States v. Bobb,* 577 F.3d 1366 (11th Cir.2009), the Eleventh Circuit Court of Appeals addressed the argument that possession of child pornography is a lesser-included offense of receipt. The court agreed that possession is a lesser-included offense of receipt if the items received and possessed are the same. "[I]f a person takes 'receipt' of a thing," the court deduced, "the person necessarily must 'possess' the thing." *Bobb,* 577 F.3d at 1375, 2009 WL 2391918, at *7 (citing *Ball v. U.S.,* 470 U.S. 856, 862, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985) (finding possession of a firearm to be a lesser-included offense of receipt of that firearm)). That conclusion, however, did not resolve Bobb's appeal. The court further explained that where a defendant "committed two distinct offenses, occurring on two different dates, in breach of two different statutes, [there was] no Double Jeopardy Clause violation." *Bobb,* 577 F.3d at 1366, 2009 WL 2391918, at *1. As such, the court looked to the evidence presented at trial to determine whether the possession and receipt

charges were based on the same or distinct offenses. The court noted that "the evidence at trial proved that Bobb received child pornography on November 12, 2004, by downloading seven zip files . . ., and, in August 2005, he possessed over 6,000 additional images." *Id.* at 1366, 2009 WL 2391918, at *6. Therefore, the court concluded that Bobb had been convicted of "distinct offenses" and there was no violation of the Double Jeopardy Clause. *Id.* at *9.

■ It is evident from the evidence presented at trial in this case that the government took steps to clarify that the possession and receipt charges were based on different images. The government first presented evidence that, on August 24, September 2, and September 6, 2005 (counts three, four, and five), Edens received dozens of images of child pornography; the government identified and presented many of these images to the jury. The government later presented separate evidence that, on October 25, 2005 (count six), Edens possessed an additional 600 or more images and 17 videos of suspected child pornography; many of these images and videos were also identified and presented to the jury. While the overlapping images could have been used to support both the receipt and possession charges, the government did not do so at trial; rather it offered certain images to support the receipt charges and different images to support the possession charge. Therefore, this case falls within the rule established in *Bobb.* Edens was convicted of "two distinct offenses, occurring on two different dates, in breach of two different statutes," *Bobb,* 577 F.3d at 1375, 2009 WL 2391918, at *7, and the court finds no Double Jeopardy Clause violation in this case.

In addition, it is clear that sufficient, independent evidence was presented to support both counts. For example, even without the three overlapping images, over 600 images and 17 videos still remained to support the possession charge. The overlapping images were not necessary to support the possession conviction.

Finally, even if the overlapping images had been presented in support of both charges, there would still be no Double Jeopardy Clause violation. Only three images overlapped between the receipt and possession charges. The government otherwise presented dozens of distinct, non-overlapping videos and images in support of the receipt and possession charges. As such, there was more than enough non-overlapping evidence for the jury to convict Edens of possession and receipt of child pornography. *See United States v. Irving,* 554 F.3d 64, 79 (2nd Cir.2009) (explaining that, because the jury could have based the possession conviction on any three of those images and the receipt conviction on the remaining 73 images, there was no Double Jeopardy Clause violation).

\* \* \*

Accordingly, it is ORDERED that defendant Edward Lee Edens, Jr.'s motion to dismiss count six of the indictment (doc. no. 61) is denied.